FILED
U.S. DISTRICT COURT
AUGUSTA DIV.
20 MAR 23 AM 11: 28
CLERK J. Hooks
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

| | | |
|---|---|---|
| KAY LYNETTE GRESHAM, | * | |
| | * | |
| Plaintiff, | * | |
| | * | |
| v. | * | CV 118-222 |
| | * | |
| DAVITA HEALTHCARE PARTNERS, | * | |
| INC.; TAMMY PRICE; and MARISSA | * | |
| FREEDMAN, | * | |
| | * | |
| Defendants. | * | |

**O R D E R**

Before the Court is Defendants' unopposed motion to dismiss. (Doc. 18.) For the following reasons, Defendants' motion is **GRANTED**.

**I. BACKGROUND**

Plaintiff, proceeding *pro se*, filed the present action alleging race discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination under the Age Discrimination in Employment Act ("ADEA") resulting in termination, failure to promote, and retaliation. (Compl., Doc. 1, at 4-5.) According to Plaintiff's complaint, the discriminatory acts in question occurred on May 10, 2017. (Id. at 5.) Plaintiff's complaint further states that she filed her charge with the Equal Employment Opportunity Commission ("EEOC") on July 24, 2017. (Id.

at 6.) Plaintiff's Charge of Discrimination ("Charge"), attached to Defendants' motion to dismiss, however, tells a different story. (Charge, Doc. 18-1.)

First, the Charge states that the earliest date of discrimination took place on May 10, 2017, and the latest date of discrimination occurred on July 10, 2017, when Plaintiff asserts Defendant DaVita Healthcare Partners, Inc. terminated her. (Id.) Second, Plaintiff signed the Charge on January 8, 2018, and the EEOC received the Charge on February 8, 2018.[1] (Id.) Plaintiff failed to respond to the motion to dismiss — thus, it is deemed unopposed, LR 7.5, SDGa — and the motion is now ripe for consideration.

## II. LEGAL STANDARD

In considering a motion to dismiss under Rule 12(b)(6), the Court tests the legal sufficiency of the complaint. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), *overruled on other grounds by* Davis v. Scherer, 468 U.S. 183 (1984). Pursuant to Federal Rule of Civil Procedure 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief" to "give the defendant fair notice of" both the claim and the supporting grounds. Bell Atl. Corp. v. Twombly, 550 U.S.

---

[1] For the reasons herein, the Court need only consider the facts related to the timing of Plaintiff's EEOC Charge.

2

544, 555 (2007) (citation omitted). Although "detailed factual allegations" are not required, Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 555).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,[2] to 'state a claim to relief that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 570). The plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. A plaintiff's pleading obligation "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. "Nor does a complaint suffice if it tenders 'naked assertions' devoid of 'further factual enhancement.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 557). Furthermore, "the court may dismiss a complaint pursuant to [Rule] 12(b)(6) when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the

---

[2] The Court must accept all well-pleaded facts in the complaint as true and construe all reasonable inferences therefrom in the light most favorable to the plaintiff. Garfield v. NDC Health Corp., 466 F.3d 1255, 1261 (11th Cir. 2006).

3

cause of action." Marshall Cty. Bd. of Educ. v. Marshall Cty. Gas Dist., 992 F.2d 1171, 1174 (11th Cir. 1993).

### III. DISCUSSION

"Before filing suit in federal court under Title VII . . . or the . . . ADEA . . . , plaintiffs must first exhaust their administrative remedies by filing a charge of discrimination with the EEOC." Reed v. Winn Dixie, Inc., 677 F. App'x 607, 609-10 (11th Cir. 2017) (citing 29 U.S.C. § 626(d)(1) (ADEA); Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1279 (11th Cir. 2004) (Title VII)). In Georgia and other "non-deferral" states, the period of time to file a charge with the EEOC is 180 days after the alleged unlawful employment practice occurred. 42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1) (ADEA); Wilkerson v. Grinnell Corp., 270 F.3d 1314, 1317 (11th Cir. 2001) ("For a charge to be timely in a non-deferral state such as Georgia, it must be filed within 180 days of the last discriminatory act.").

Although the requirement that a plaintiff file a charge with the EEOC prior to filing a lawsuit is not jurisdictional, Fort Bend Cty. v. Davis, 139 S. Ct. 1843, 1850 (2019), "[t]he timely filing of an EEOC charge is considered a condition precedent for bringing a civil action alleging employment discrimination." Reed, 677 F. App'x at 610 (citing Jackson v. Seaboard Coast Line

4

R.R. Co., 678 F.2d 992, 1009-10 (11th Cir. 1982)). The burden of establishing a timely filed charge of discrimination falls on the plaintiff. Jordan v. City of Montgomery, 283 F. App'x 766, 767 (11th Cir. 2008) (citing Jackson, 678 F.2d at 1010). "In general, the plaintiff need allege in the complaint only that all conditions precedent to suit have been fulfilled," but "[i]f the defendant specifically denies that a timely charge has been filed, the plaintiff bears the burden of proving that she timely filed with the EEOC." Reed, 677 F. App'x at 610 (citing Jackson, 678 F.2d at 1010).

Here, as discussed, Plaintiff alleged that the discriminatory acts occurred on May 10, 2017, and that she filed a charge of discrimination with the EEOC on July 24, 2017. Defendants responded, attaching a copy of the Charge. The Charge includes the May 10, 2017 date for acts of discrimination and July 10, 2017, as the latest date for discriminatory acts; a period barely longer than sixty days. Plaintiff indicates Defendants placed her on a Performance Improvement Plan ("PIP") for sixty days. (Compl., at 13.) Additionally, she alleges termination and retaliation, which conceivably could have occurred upon the expiration of the sixty-day PIP. Accordingly, the Court assumes July 10, 2017, is the final date of any alleged discriminatory act.

The Court first discusses whether it may consider the Charge at the motion to dismiss stage. Generally, when considering a

motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), the district court is restrained to consider the allegations within the four corners of the complaint. See Speaker v. U.S. Dep't of Health & Human Servs. Ctrs. for Disease Control & Prevention, 623 F.3d 1371, 1379 (11th Cir. 2010). A district court may "consider documents attached to the motion to dismiss if they are referred to in the complaint, central to the plaintiff's claim, and of undisputed authenticity." Hi-Tech Pharm., Inc. v. HBS Int'l Corp., 910 F.3d 1186, 1189 (11th Cir. 2018); see also SFM Holdings, Ltd. v. Banc of Am. Sec., LLC, 600 F.3d 1334, 1337 (11th Cir. 2010) ("In ruling upon a motion to dismiss, the district court may consider an extrinsic document if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged."). Otherwise, if "matters outside the pleadings are presented to and not excluded by the court," it "must convert the motion to dismiss into a summary judgment motion." FED. R. CIV. P. 12(d); SFM Holdings, 600 F.3d at 1337.

The Court finds it may consider the Charge without converting the present motion to a summary judgment motion. First, the Charge is expressly referenced in the complaint. Second, a showing that Plaintiff timely filed the Charge with the EEOC is central to Plaintiff's employment discrimination claim. Third, the authenticity of the Charge is not disputed. "In discrimination cases, the EEOC charge is a document that courts routinely consider

when ruling on motions to dismiss, even if it was not attached to a pleading." Chesnut v. Ethan Allen Retail, Inc., 971 F. Supp. 2d 1223, 1228-29 (N.D. Ga. 2013) (considering charge to determine timeliness of filing without converting to motion for summary judgment) (collecting cases).

The Court now examines the Charge to determine whether Plaintiff shows it was timely filed. Plaintiff signed the Charge on January 8, 2018, and the EEOC confirmed receipt of the Charge on February 8, 2018. Taking the latest possible date of discrimination, July 10, 2017, and the date Plaintiff signed the Charge as the date of filing, January 8, 2018, 182 days lapsed. As such, even accepting dates in the Charge and applying them in the most favorable way for Plaintiff, the Charge was untimely. The Court is permitted to consider the facts in the Charge over the conclusory allegation of a timely filing in the complaint. See Hoefling v. City of Miami, 811 F.3d 1271, 1277 (11th Cir. 2016) ("A district court can generally consider exhibits attached to a complaint in ruling on a motion to dismiss, and if the allegations of the complaint about a particular exhibit conflict with the contents of the exhibit itself, the exhibit controls."); see also Williams v. Davis Transfer Co., No. 3:12-cv-31 (CDL), 2012 WL 4049432, at *1-2 (M.D. Ga. Sept. 13, 2012) (accepting filing date in the charge over conflicting, conclusory allegations of a timely

filed charge in the complaint to find dismissal proper for failure to allege a timely filed charge of discrimination).

Plaintiff filed no response to Defendants' motion to dismiss and did nothing following Defendants' rebuttal to meet her burden of establishing a timely filed charge.[3] The Court cannot further evaluate whether the alleged July 24, 2017 filing was valid because Plaintiff offered no further allegations or documents concerning that filing. For these reasons, Plaintiff failed to satisfy the timely charge-condition precedent to pursue this action, and the Court need not consider the other issues presented in Defendants' motion to dismiss.

**IV. CONCLUSION**

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendants' motion to dismiss (Doc. 18) is **GRANTED** and this matter is **DISMISSED**. The Clerk is **DIRECTED** to **TERMINATE** all pending motions and deadlines, if any, and **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 23rd day of March, 2020.

_____
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
~~SOUTHERN~~ DISTRICT OF GEORGIA

---

[3] Plaintiff previously received warning regarding her obligation to prosecute the action. (See June 3, 2019 Order, Doc. 12, at 2.)